### STATE v. GUARDE.
No. 5779.

Circuit Court, Dade County, Criminal Appeal.

January 6, 1966.

Miller & Russell, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joseph Durant, Assistant State Attorney, for appellee.

JOHN J. KEHOE, Circuit Judge.

This is an appeal from a judgment and sentence of the criminal court of record in and for Dade County. On September 21, 1964, the appellant was convicted of the crime of petit larceny and was sentenced to be confined in the Dade County jail for 30 days and to pay a fine of $250. A notice of appeal was filed from said judgment and sentence on September 21, 1964. On November 24, 1964 the trial court entered an order vacating the sentence previously imposed, resentencing the defendant to pay a fine of $250, and placing the defendant on probation for a period of two and a half years. On December 2, 1964, in criminal appeal no. 5676, this court dismissed the appeal from the original judgment and sentence of the trial court. On May 17, 1965, the trial court entered an order revoking the probation previously ordered, and sentenced the defendant to 90 days in the Dade County jail. It is from this latter order that this appeal was taken.

After examining the transcript of record, and the briefs previously filed in this cause, and after hearing argument of counsel for the parties, the court finds that this appeal is governed by the legal principle that a duly perfected appeal divests the trial court in a criminal action of further jurisdiction over the judgment and sentence appealed from. For this reason, the court finds that the trial court was without jurisdiction to enter its order of November 24, 1964, which vacated the original sentence and placed the appellant on probation. Consequently, the order revoking the appellant's probation and sentencing her to 90 days in jail was null and void.

It is therefore ordered and adjudged that the order and sentence of the trial court entered on May 17, 1965 is reversed, with directions to the trial court to resentence the appellant upon the original judgment of conviction for petit larceny. The trial court is further directed that the new sentence to be imposed shall not exceed the original sentence of September 24, 1964, and the appellant is to be given credit for any time served by her in the Dade County jail and for any fines previously paid by her in this cause.